REAM GARDINER. v. THE STATE.

1. If the State puts the defendant's declarations in evidence it is bound by them, unless they are proved to be false.

2. Under our statute, Paschal's Digest, Article 1638, a youth under thirteen years of age could not be legally convicted of an offense, when no evidence was adduced by the State to prove that he had "discretion sufficient to understand the nature and illegality of the act constituting the offense."

3. A boy, being directed by his mother to find and recover her horse, which had been missing for eighteen months, found and took up a horse which much resembled his mother's. He was told by persons in the neighborhood that the horse belonged to a man named Werner, whereupon he said he would see, and would not take the horse unless he belonged to his mother. Without inquiry, however, he took the horse home to his mother, who was unable to say whether it was her horse or not ; but the boy, still claiming him as such, used and hitched him publicly in the streets of a large town, loaned him to a friend to ride to an adjoining county, and · in no respect concealed his possession of him. *Held*, irrespective of the youth of the accused, that the evidence was not sufficient to show a felonious intent, or to sustain a conviction for theft.

4. An indictment for theft may be preferred and sustained in any county wherein there was an asportation of the property, regardless of where it was taken.

APPEAL from Comal. Tried below before the Hon. G. H. Noonan.

The defendant found and took up the horse in Guadalupe county, a few hundred yards from the Comal county line. The jury found him guilty of theft, and assessed his punishment at

seven years in the penitentiary.   The evidence is fully indicated
in the opinion of the court.

*B. H. Davis*, for the appellant.—It is urged that the statement
of facts brings the case fully within the terms laid down in the
case in 7 Texas, which has been referred to.   For there is neither
proof of an attempt on the part of the accused to appropriate the
horse to his own use, or to fraudulently or feloniously retain it.
There is no effort at concealment, nor any act or declaration which
shows a design to commit a felony.   But, as any man would do,
thinking it his mother's property, he asserts the claim, retains the
possession, and there is no effort on the part of the adverse claim-
ant to prove it away, according to law ; there being no fraudulent
and felonious intent proven, there could be no felony.   (See 19
Tex., 217.)

But to consider the case in another light :   The ruling of the
court and the facts proven are not sufficient to establish a felony ;
and the court, in the case of Underwood v. The State, 25 Texas,
391, say :   " In such cases it is not necessary to notice either the
instructions by the court or the rulings.   The evidence is not suf-
ficient to sustain the verdict of the jury.   The motion for a new
trial ought to have been maintained by the court below ; the case
is not one of conflict of evidence, but one in which the evidence is
not sufficient to establish guilt."

In this case there is no conflict of evidence ; but the simple ques-
tion is, do the facts, as presented in the record, establish a felonious
and fraudulent intent to steal the animal ?   Unquestionably not.
There is neither act or declaration, not even a circumstance, which
shows an intent to steal.

Second—But to consider the case in another sense, as a " mis-
take of fact."   If the accused's account of his right and posses-
sion of the property is reasonable, and has plausibility, it will
devolve upon the State to prove his account to be false.   (See 7

Tex., 71, and 26 Tex., 210.)    These authorities say :    " If the account given by the accused of the possession of the property stolen is natural and reasonable and satisfactorily accounts for it, as a general principle it devolves upon the State to show it false." In the statement of facts in this case, there is nothing to show the falsity of the accused's account.    It is proven that his mother did have a similar horse running in the same prairie, and that she told accused to get it, and he thought he had done so, and brought the horse home, just as any other boy, sent on a similar errand by a parent, would do.    And the facts show the State made no effort to prove this account false, or to contradict it.    At the utmost, the facts could only be tortured into a " mistake on part of accused as to the animal taken."    For there is not an act, word or declaration, or lying about it, which usually characterizes theft; no fraud, no misrepresentation, in offering to sell or trade the property, but simply a " mistake of fact." And under Articles 1649 and 1650, if the horse was Werner's, and wrongfully taken by the accused, there was no felonious intent, and the law will excuse him ; and taking the facts, it is insisted no other construction can be placed upon the proof as presented in the record.

Third—The facts in the case show that the animal was running in the range when found, in Guadalupe county, and Fridolin Werner did not have the actual possession, either in person or by agent.    The indictment alleges " the horse was stolen from the possession of Mr. Werner in Comal county, on the tenth day of November, 1869."    This allegation when made was material, and should have been proved by the State to authorize conviction. The article under which this indictment was framed makes theft of such domestic animals a distinct offense, (see Art. 2409); and in prosecutions under it, " it is necessary to allege possession, from whom taken and where taken, and this must be proven upon the trial."

*John G. Boyle*, Assistant Attorney General, for the State.— From a perusal of the statement of facts in this case, the conviction fastens upon the mind that the asportation of the gelding was *animo furandi*, notwithstanding the maternal solicitude of the defendant's mother evinces itself in his behalf, by recounting a plausible story which the jury evidently would not credit. Nor would they give credence to the testimony fixing the criminal's age at thirteen, precisely at the time of the commission of the offense. When confronted and charged with having Werner's horse, the accused confessed his willingness to go and see Werner, but there is no evidence that he did so. On the contrary, loaned the horse to Milton Gaines to ride in another county.

" The ordinary discovery of a felonious intent is where the party does it clandestinely; on being charged with the fact denies it." (See Blac. Com., b. iv., p. 186. Russell on Crimes, vol. 2., p. 7.) The jury had the right to infer from all the facts and circumstances attending the case, the felonious intent in the original taking, and in Booth v. The Commonwealth, 4 Gratt., 525, the court held " that not in one case in a hundred could it be proved directly that the original taking was felonious." The law has defined the nature and amount of evidence which shall make a *prima facie* case of guilt; then the burden of proof is cast upon the defendant, and if not satisfactorily explained, the presumption of law becomes conclusive that his possession is a guilty one. (Hughes v. The State, 8 Humph., 75; State v. Jones, Dev. & Batt., 122; The State v. Brewster, 7 Verm., 122.)

WALKER, J.—There is no conflict in the evidence of this case. The appellant was indicted in the district court for stealing a horse. Much of the evidence consists in what he said himself of the transaction. The account he gave of the matter was plausible and reasonable, and showed no fraudulent intention in taking the animal.

Opinion of the court.

If the State put his declarations in evidence it was bound by them, unless they are proven to be false. (See 7 Tex. R., 71, and 26 Tex. R., 210.)

The statute (Paschal's Digest, Art. 1638) says: No person shall in any case be convicted of any offense committed before he was of the age of nine years; nor of any offense committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense.

The evidence shows that the boy who appeals here had not, at the supposed commission of the offense, attained his thirteenth year, and the statement of facts shows no effort on the part of the State to prove his discretion.

Had the appellant been of the years of discretion, the evidence does not show that he had any felonious intent in taking the animal. He appears to have been sent by his mother to hunt for a horse that had strayed from her. The boy found the horse which he is accused of stealing, and appears to have thought the horse was that of his mother, which had been gone for some eighteen months.

When told that the horse belonged to Werner he said he would see, and would not take the horse unless it belonged to his mother. He afterwards appears to have loaned the horse somewhat heedlessly to a friend, to ride to an adjoining county; and the horse was found in the possession of his friend and traced back to his possession; and he gives an account of the matter which falls very far short of making it a case of larceny.

Appellant's counsel appears to have mistaken the law in objecting to the venue. Had the horse been stolen in one county and taken into another county of the State, an indictment could have been preferred in any county where the asportation of the animal had been carried on.

The judgment of the district court is reversed and the cause dismissed.

                     Reversed and dismissed.