[No. 3340.]

## N. B. IRVINE v. THE STATE.

1. UNLAWFUL CARRYING OF WEAPONS — EVIDENCE.— On the trial of appellant for unlawfully carrying a pistol upon his person, the State proved that he had a pistol on his person at the place and time alleged in the information, and that he then and there declared that he was a deputy sheriff of M. county, and had been over in another county after a horse-thief. There was no evidence tending to disprove this declaration of the defendant. *Held* that, inasmuch as the declaration accompanied the act of carrying the pistol, it was part of the *res gestæ*, and was admissible in evidence; and, as it was reasonable and not controverted, it sufficed to show that he was a civil officer engaged in the discharge of an official duty at the time of the alleged offense, and therefore was not culpable for having the pistol upon his person. There being no proof that the defendant's declaration was false, the evidence does not support the conviction.

2. SAME — CHARGE OF THE COURT.— In a trial for unlawfully carrying a pistol, there was evidence tending to prove that the defendant was a traveler at the time and place he was seen with the pistol, and the defense requested the court to instruct the jury to acquit the defendant in case they found that he was a traveler at such time and place. *Held*, that the instruction should have been given, filed, and read by the court to the jury.

3. CHARGE OF THE COURT — PRACTICE.— When an instruction to the jury is requested, the trial judge should have it filed and officially certify it as "given" or "refused," as the case may be. If given, it should be read to the jury. If refused, it should not be allowed with the jury in their retirement. In the present case the requested instruction was not certified by the trial judge nor read to the jury, but they were permitted to take it with them on their retirement to consider of their verdict. *Held*, that the requested instruction must be treated as refused, and the jury should not have had it with them.

APPEAL from the County Court of Montague. Tried below before the Hon. Griffin Ford, County Judge.

The appellant was convicted of unlawfully carrying a pistol. His punishment was affixed at a fine of $25.

J. B. Murch testified, for the State, that on Monday, December 22, 1884, in Montague county, Texas, between the towns of Bowie and Montague, he saw the defendant pull a pistol from his pocket, and point it at a dog. Defendant told the witness on that occasion that he was a deputy sheriff of Montague county, and had been to Jack county in pursuit of horse-thieves. The State closed.

Will Irvine, a brother of the defendant, testified in his behalf that he and his brother left their home together on Saturday, December 20, 1884, and went to the town of Montague. If the defendant had a pistol on his person at that time, or during the time

they were in Montague, the witness did not know it. Witness went with his brother, the defendant, from Montague to the town of Bowie, a distance of eleven miles. Witness left defendant in Bowie, from which town the defendant did not return home until the night of Monday, December 20, 1884.

C. M. Crowell, a hardware merchant in the town of Montague, testified that he sold the defendant a pistol on Saturday, December 20, 1884. Defendant was on his way "out west," and witness did not see him again for several days.

John Bigham testified, for the defense, that he lived in Jack county, Texas, thirty or thirty-five miles from Montague. The defendant came to witness's house on the night of December 20, 1884, and left on the following Monday morning. If he was a deputy sheriff, witness did not know it.

The motion for new trial complained of the insufficiency of the evidence to support the verdict; of the charge of the court in failing to instruct the jury that to convict they must believe the defendant guilty beyond a reasonable doubt; of the refusal of the court to charge the traveler clause of the statute relating to the carrying of weapons, and of the action of the court in charging the jury to find the defendant guilty unless they believed he went direct home after purchasing the pistol.

*Sparks & Smith*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

WILLSON, JUDGE. It was proved by the State that the defendant had on his person a pistol at the time and place charged in the information, and that the defendant then and there declared that he was a deputy sheriff of Montague county, and had been over in Jack county after a horse-thief. There was no evidence disproving, or even tending to disprove, this declaration of the defendant. In the absence of such evidence, said declarations showed that he was not guilty of an offense in having the pistol, he being a civil officer engaged in the discharge of official duty. (Penal Code, art. 319; *Gardiner* v. *The State*, 33 Texas, 692.) These declarations accompanied the act of carrying the pistol, and were admissible in evidence as a part of the *res gestæ*. They constituted a reasonable explanation of his having the pistol, and it devolved upon the State to show their falsity, which was not done; wherefore the evidence does not support the conviction.

There was evidence tending to prove that, at the time and place

the defendant was seen with the pistol, he was traveling. A special charge was requested by defendant's counsel, the purport of which was that if the jury believed from the evidence that at the time defendant had the pistol he was a traveler, they should find him not guilty. This charge, as it is made to appear by a bill of exceptions, was not signed by the judge, nor by him read to the jury, but the jury were permitted to take the same with them when they retired to consider of their verdict. The evidence and the law demanded such a charge, and it should have been given. Whether given or refused, it should have been certified to by the judge; that is, he should have written upon it, "given" or "refused," and have signed his name thereto officially, and caused the same to be filed among the papers in the cause. (Code Crim. Proc., arts. 679, 680.) When a charge is given, it is required that it shall be *read* by the judge to the jury. (Code Crim. Proc., art. 683.) When a charge has been requested and refused, the jury shall not be permitted to take the same with them in their retirement. (Code Crim. Proc., art. 684.) It appears from the bill of exceptions that the charge requested was neither certified by the judge nor read by him to the jury. It therefore was not given, but must be treated as a refused charge, and as such the jury should not have been permitted to take it with them in their retirement.

Because the court refused to give the special charge requested by defendant's counsel, and because the evidence does not warrant the conviction, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered April 22, 1885.]