### JIM SCOTT v. THE STATE.

#### No. 2537.   Decided ·June 18, 1913.

#### Rehearing granted June 27, 1913.

**1.—Forgery—Statement of Facts—Bills of Exception—Transcript.**

Where the case was affirmed on account of the absence of a statement of facts and bills of exception, but it was afterwards shown that they had been inadvertently omitted from the transcript and a new transcript was made, the cause will be heard on its merits.

**2.—Same—Age of Defendant—Statutory Discretion.**

It is not sufficient that the minor knows the difference between good and evil or that he had the intelligence of ordinary boys of his age, but the statutory discretion requires that he should know the nature and illegality of the particular act constituting the offense. Wusnig v. State, 33 Texas, 652, and other cases.

**3.—Same—Rule Stated—Discretion—Habits, Etc.**

Discretion is not required to be proved by direct and positive testimony, but circumstances of education, habits of life, etc., may be proved so as to convince an intelligent jury whether defendant had the statutory discretion. Following Carr v. State, 24 Texas Crim. App., 552.

**4.—Same—Non-Age—Burden of Proof.**

Non-age must first be proved by defendant, and where he shows his age to be between nine and thirteen years, the burden shifts to the State. Following Wusnig v. State, 33 Texas, 652.

**5.—Same—Case Stated.**

Where, upon trial of forgery, defendant proved that he was under the age of thirteen, it devolved upon the State to show that he had sufficient discretion to understand the illegality of the act, and failing in this, there was reversible error.

Appeal from the District Court of Orange.   Tried below before the Hon. W. B. Powell.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Bisland & Adams,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of forgery and his punishment assessed at two years confinement in the re-

formatory at Gatesville. No statement of facts, nor bills of exception accompanying the record, there is no ground presented in the motion for a new trial that we can review.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1913.

HARPER, JUDGE.—At a former day of this term this case was affirmed, containing neither a statement of facts, nor any bills of exception. Appellant has filed a motion for a rehearing, and accompanies the same with a certified copy of a statement of facts, and a record containing several bills of exceptions. The clerk certifies to the statement of facts, and the record in a proper way, and appellant asks to be permitted to substitute them for the record heretofore filed. It appears that prior to the last election the offices of district and county clerk were held by the same man, but at that election the offices were separated. In the division of papers in some way the statement of facts and bills of exceptions in this case were left in the vault of the county clerk's office, and in making out the original transcript filed in this court the Clerk of the District Court made a copy of the records only in his office, and, in this way the statement of facts and bills of exception were omitted. Mr. Bisland, the attorney for appellant, when this case was affirmed, searched for the papers and found them in the county clerk's vault and delivered them to the district clerk, who has, as before stated, made out an entirely new transcript properly certifying thereto, and it is therefore unnecessary to issue a writ of certiorari, but we can and will consider the record as thus certified to us. As before stated, there were several bills of exception, but we do not deem it necessary to notice but one of them.

Appellant was charged with forgery. On the trial his mother testified he was only twelve years old. There is no other testimony in the record as to his age. Article 34 of the Penal Code provides: "No person shall, in any case, be convicted of any offense committed before he was of the age of nine years; nor of any offense committed between the years of nine and thirteen, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense." This question has been frequently before this court and it has been held:

"It is not sufficient that the minor knows the difference between good and evil, nor that he had the intelligence of ordinary boys of his age. The statutory discretion requires that he should know the nature and illegality of the particular act constituting the offense. Wusnig v. State, 33 Texas, 652; Parker v. State, 20 Texas Crim. App., 451; Gardiner v. State, 33 Texas, 692; Carr v. State, 24 Texas Crim. App., 562; Linhart v. State, 33 Texas Crim. Rep., 504; Keith v. State, 33 Texas Crim. Rep., 341.

"Discretion is not required to be proved by direct and positive testimony. 'But circumstances of education, habits of life, general character, moral and religious instruction, and often circumstances connected with the offense charged, may, in most instances, be proved, so as to convince an intelligent jury whether or not the defendant had the discretion required by the statute.' Wusnig v. State, 33 Texas, 652; Carr v. State, 24 Texas. Crim. App., 562.

"Non-age must first be proved by defendant. McDaniel v. State, 5 Texas Crim. App., 475; Ake v. State, 6 Texas Crim. App., 398. Where the defense shows the age between nine and thirteen years, then the burden of proof is on the State to prove the discretion. Wusnig v. State, 33 Texas, 652."

When appellant proved that he was under the age of thirteen, then the burden was upon the State to show that he had sufficient discretion to understand the illegality of the act. On this issue the State offered no proof; consequently the judgment can not be permitted to stand.

The motion for rehearing is granted, and the judgment reversed and cause remanded.

*Reversed and remanded.*